UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| LILLIAN DEL CARMEN HERNANDEZ, ) | Case No. 13-29105 EEB |
|           Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| MARINA PERAZA, ) | Adv. Proc. No. _____ |
|           Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DENNIS KING, CHAPTER 7 TRUSTEE, ) | |
|           Defendant. ) | |
| ) | |

**COMPLAINT FOR DECLARATORY RELIEF**

MARINA PERAZA, through her undersigned counsel, for her Complaint against DENNIS KING, as Chapter 7 Trustee, states and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1334, 541(a), 157(a), and 157(b)(1), and Fed.R.Bankr.P. 7001(2).

2. This is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A), and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

4. Marina Peraza (Ms. Peraza") is purchaser and owner of real property known as 5519 Eagle Street, Denver, Colorado 80239 (the "Property") which is at the center of this matter.

5. Dennis King ("Trustee") is the Chapter 7 Trustee over the bankruptcy estate in the Debtor's case.

6. Pursuant to 11 U.S.C. §323, the Trustee has capacity to be sued as the representative of the Estate.

## GENERAL ALLEGATIONS

**A.** **Debtor's Bankruptcy Filing**

7. The Debtor filed for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") on November 15, 2013 ("Petition Date").

8. The Debtor listed her address on her Voluntary Petition as the Property. *See Case No. 13-29105 EEB, Docket No. 1, p.1.*

9. The Property is legally described as: Lot 7, Block 8, Montbello No. 24, City and County of Denver, State of Colorado.

10. The Debtor filed her Voluntary Petition, Statement of Financial Affairs and Schedules under the penalty of perjury. *Id.*

11. The Debtor did not schedule any ownership interest in or legal title to the Property. *Id. Sch. A*.

12. The Debtor did not schedule any leasehold interest in the Property. *Id., Sch. G*.

13. The Debtor did not schedule any exemption in the Property. *Id., Sch. C*.

14. The Debtor did not schedule any mortgages against the Property under which she was either a borrower, co-borrower or guarantor. *Id., Schs. D & F*.

15. The Debtor did not schedule the City and County of Denver, Colorado as the taxing authority over the Property for any *ad velorum* taxes. *Id., Sch. E*.

16. The Debtor did not list Ms. Peraza as a creditor and/or a party in interest in her bankruptcy case. *Id.*

17. Ms. Peraza was wholly unaware that the Debtor filed for bankruptcy relief in 2013. Ms. Peraza did not receive any notice, whether from the Debtor or any other party, that the Debtor had filed bankruptcy.

18. The Debtor never amended her Voluntary Petition, Schedules or Statement of Financial Affairs to claim or assert any ownership or other interest in the Property.

19. The Debtor was represented by counsel during her bankruptcy case. *Id.*

20. The Court granted the Debtor a discharge of her debts on February 19, 2014. *Id., Docket No. 18.*

**B.** **Ms. Peraza's Ownership of the Property.**

21. The Debtor is a daughter of Ms. Peraza.

22. Ms. Peraza is a native Spanish speaker. She does not speak, read or write English.

23. Ms. Peraza is the owner of the Property.

24. Ms. Peraza has owned the Property since March 21, 2008 when she purchased it from the seller, HSBC Bank USA. A copy of the Special Warranty Deed to Ms. Peraza is attached hereto as **Exhibit 1** and incorporated herein.

25. When Ms. Peraza purchased the Property, she was the sole person who took legal and equitable title to the Property. *Id.*

26. The Debtor was not a grantee on the Special Warranty Deed. *Id.*

27. The Debtor did not provide any consideration for the purchase price of the Property.

28. To purchase the Property, Ms. Peraza took out a loan from CTX Mortgage Company, LLC in the original principal amount of $83,991.00. A copy of the promissory note is attached hereto as **Exhibit 2** and incorporated herein. Upon information and belief, CTX Mortgage transferred the loan to Countrywide Bank, and then to M&T Bank sometime after Ms. Peraza purchased the Property.

29. The Debtor did not execute the promissory note, nor any guaranty of the loan with CTX Mortgage. *Id.*

30. To secure her loan to CTX Mortgage, Ms. Peraza granted a deed of trust against the Property. A copy of the recorded Deed of Trust is attached hereto as **Exhibit 3** and incorporated herein.

31. Only Ms. Peraza signed the Deed of Trust. *Id.*

32. The Debtor did not sign the Deed of Trust. *Id.*

33. From and after March of 2008, Ms. Peraza has maintained the Property as her primary residence. She has made mortgage payments on the Property; she paid all of the taxes; and, she performed many improvements over time. To date, Ms. Peraza estimates that her total amount expended for the Property after purchase is in excess of $100,000.

34. Unbeknownst to Ms. Peraza, on or about June 12, 2008, the Debtor forged Ms. Peraza's signature on a Quit Claim Deed. The Debtor, by this deed, attempted to transfer title of the Property to herself. A copy of the forged Quit Claim Deed is attached hereto as **Exhibit 4** and incorporated herein.

35. Ms. Peraza attaches the Quit Claim Deed for reference only. Ms. Peraza does not vouch for the authenticity of the document. Ms. Peraza denies executing the Quit Claim Deed and/or agreeing to transferring sole ownership of the Property to the Debtor.

36. At the time of the Quit Claim Deed, no consideration was offered by the Debtor to Ms. Peraza.

37. Ms. Peraza did not receive any consideration from the Debtor or any third party at or around the time of the purported Quit Claim Deed.

38. The Debtor did not make any mortgage payments on the CTX Mortgage loan against the Property even after June 12, 2008, the date of the Quit Claim Deed.

39. The Property was, is and remains, Ms. Peraza's property.

40. The Debtor does not own any interest in the Property.

41. As of the Petition Date, the Debtor did not own any interest in the Property.

42. On the Petition Date, the Estate did not acquire any interest in the Property as the Debtor held no interest in such Property. 11 U.S.C. §541(a).

43. Until recently, the Debtor never claimed any ownership rights to the Property or performed any indicia of activity that would alter a third party that she contested Ms. Peraza's ownership.

**C.** **Debtor's Eviction Proceeding**

44. On or about February 5, 2019, the Debtor, through counsel, commenced a state court eviction proceeding against Ms. Peraza before the County Court, City and County of Denver, Colorado, Case No. 19C52285 (the "Civil Action"). A copy of the

Debtor's Amended Complaint is attached hereto as **Exhibit 5** and incorporated herein.

45. The Debtor's Complaint was filed more than 5 years after her discharge in her bankruptcy case and almost 11 years after the Quit Claim Deed.

46. Ms. Peraza responded to the Debtor's Complaint by filing an Answer and Counterclaims, a copy of which is attached hereto as **Exhibit 6** and incorporated herein. In her Counterclaims, Ms. Peraza asserted that she was and is the owner of the Property to the exclusion of the Debtor. *Id.* Similarly, Ms. Peraza identified the fraud by the Debtor for the Debtor's forgery of Ms. Peraza's signature on the Quit Claim Deed. *Id.* Ms. Peraza incorporates by reference all of her Affirmative Defenses and Counterclaims. Fed.R.Civ.P. 10(c).

47. The Civil Action was then removed to the District Court, City & County of Denver, Colorado, Case No. 2019CV97.

48. The Civil Action has been stayed as a result of the Trustee's reopening of this bankruptcy case.

**D.** **Additional Allegations of the Debtor's Fraud**

49. Between the time of her bankruptcy discharge (February 2014), and December of 2018, the Debtor never took any action to assert any rights whatsoever to the Property.

50. As of the reopening of the Debtor's Bankruptcy Case, Ms. Peraza was in possession of the Property.

51. As of January 2019, the Debtor did not have possession of the Property.

52. Upon information and belief, prior to causing a Notice to Quit and the subsequent filing her Complaint the Debtor did not inform the Trustee of her purported ownership interest in the Property.

53. Upon information and belief, prior to the reopening of the underlying bankruptcy case, the Debtor never disclosed the existence of the purported Quit Claim Deed to the Trustee.

54. The Debtor did not take or hold any interest in the Property from and after March 31, 2008.

55. Ms. Peraza asserts that since she alone invested financially to purchase the Property, to maintain and repair of the Property, and paid for all of the taxes, mortgage payments and other costs, that she owns 100% of the equitable interest in the Property. *See*, *Credit Finance Corp. v. Hale & Perry*, 66 F.2d 357, 358 (10th Cir.1933) ("equity regards an equitable estate as the real ownership, and the legal estate as a mere shadow"). *See also, Rains v. Foundation Health Systems Life & Health*, 23 P.3d 1249 (Colo.App. 2001).

56. The Estate does not own any interest in the Property. 11 U.S.C. §541. The Debtor committed multiple acts of fraud upon this Court, the Trustee, her Creditors and Ms. Peraza. The Estate should not benefit from the Debtor's fraud.

57. The doctrine of *in pari delicto* is based on the equitable principle that when a participant in illegal, fraudulent or inequitable conduct seeks to recover from another participant in that conduct, the parties are both culpable, and the law will aid neither. It will, rather, leave them where it finds them. *Sender v. Kidder Peabody & Co., Inc*,

952 P.2d 779 (Colo.App. 1997)(citing *Bushner v. Bushner*, 134 Colo. 509, 307 P.2d 204 (1957) and *Abernethy v. Wright,* 27 Colo.App. 239, 148 P. 277 (1915)). The Tenth Circuit has described the doctrine in the following terms: "one who has himself participated in a violation of law cannot be permitted to assert in a court of justice any right founded upon or growing out of the illegal transaction." *Sender v. Simon*, 84 F.3d 1299 (10th Cir. 1996)(citing *Merrill v. Abbott*, 77 B.R. 843, 857 (D.Utah 1987)(internal quotation marks omitted)).

58. The Debtor waived any and all rights to the Property when she failed to schedule the Property as an asset in this Bankruptcy Case. *Brumfiel v. U.S. Bank*, 618 Fed.Appx. 933, 936 (D.Colo. 2015). Thus, the Civil Action was a nullity for the Debtor's lack of standing. After a reasonable investigation which should have been conducted by the Debtor and her counsel, the Debtor knew or should have known she had no basis to file the Civil Action.

59. As the person committing the fraud was the Debtor, by forging Ms. Peraza's name on the Quit Claim Deed, lying to her creditors, this Court and the Trustee about her purported interest in the Property, and then, after significant delay, attempting to legally assert an interest in the Property through the Civil Action, the Debtor and the Estate cannot reap a reward having failed to confer any benefit on Ms. Peraza. *See also, Rains v. Foundation Health Systems Life & Health*, 23 P.3d at 1255.

## FIRST CLAIM FOR RELIEF
(Declaratory Judgment)

60. Ms. Peraza incorporates by this reference the allegations set forth in paragraphs 1 through 59 as though more fully set forth herein.

61. Ms. Peraza owns all equitable rights and title to the Property. *See Credit Finance Corp. v. Hale & Perry*, 66 F.2d at 358.

62. The Debtor drafted and caused to be executed the Quit Claim Deed purporting to convey legal title to the Property to the Debtor from Ms. Peraza.

63. The Debtor did not pay any consideration to Ms. Peraza for the Quit Claim Deed. *Rains v. Foundation Health Systems Life & Health*, 23 P.3d at 1255.

64. Ms. Peraza's signature on the Quit Claim Deed is a forgery.

65. On the Petition Date, the Debtor did not hold any interest in the Property.

66. Alternatively, the Debtor held bare legal title in the Property on the Petition Date.

67. Ms. Peraza's rights, status, and legal relations, among other things, with respect to the Property are affected by the actions of the Debtor and the Trustee, including the Trustee's efforts to sell the Property ignoring the rights of Ms. Peraza.

68. Even assuming the Estate has an interest in the Property, which is denied, at best, the Estate only holds legal title as a result of the forged Quit Claim Deed. Ms. Peraza, at a minimum, holds equitable title to the Property which prevails over the Estate's interest. *See Sleeping Indian Ranch, Inc. v. West Ridge Group, LLC*, 119 P.3d 1062, 1068 (2005).

69. As a result of the foregoing, there exists between the parties an actual controversy as to the rights and interests of the parties in and to the Property as more fully alleged above.

70. There is a dispute as to the nature, extent, and validity of Ms. Peraza's and the Estate's alleged interest in the Property.

71. Pursuant to 28 U.S.C. § 2201, *et. seq.*, and F.R.C.P. 57, Ms. Peraza seeks declaratory relief against the Estate concerning, among other things, Ms. Peraza's ownership of the Property, such that the legal title and ownership in the Property should be vested in Ms. Peraza with all rights appurtenant thereto to the exclusion of the Debtor and the Estate.

72. The issuance of a declaratory judgment will settle and afford relief from uncertainty and insecurity with regard to the rights and status of legal relations between Ms. Peraza and the Estate.

WHEREFORE, Marina Peraza respectfully requests this Court to enter a declaratory judgment declaring the rights of all of the parties with respect to the Property, including, but not limited to, declaring Ms. Peraza holds legal and equitable title to the Property, the Estate holds no interest in the Property, the Property be re-titled solely in the name of Ms. Peraza, and grant such other and further relief as this Court deems appropriate.

**Right to Amend**

73. Ms. Peraza reserves the right to amend her Complaint, under Fed.R.Civ.P. 15, as additional or supplemental facts and information becomes known to her under Fed.R.Civ.P. 26(a)(1) and (e).

DATED: December 12, 2019.

Respectfully submitted,
BUECHLER LAW OFFICE, LLC

*K. Jamie Buechler*

_____
K. Jamie Buechler, #30906
999 18th Street, Suite 1230-S
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
Jamie@KJBlawoffice.com