UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>LILIAN DEL CARMEN HERNANDEZ,<br>SSN: XXX-XX-3177<br><br>　　　Debtor. | )<br>)<br>) Case No. 13-29105-EEB<br>)<br>)<br>) Chapter 7<br>) |
| MARINA PERAZA,<br><br>　　　Plaintiff,<br><br>v.<br><br>DENNIS W. KING, as Chapter 7 Trustee,<br><br>　　　Defendant. | )<br>)<br>)<br>) Adv. Proc. No. 19-01367-EEB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND COUNTERCLAIMS

Dennis W. King, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Lilian Del Carmen Hernandez ("Debtor"), through his counsel, ONSAGER | FLETCHER | JOHNSON LLC, answers the Complaint for Declaratory Relief (the "Complaint") as follows:

### ANSWER

### JURISDICTION AND VENUE

1.　　Trustee admits the allegations in paragraph 1 of the Complaint.

2.　　Trustee admits the allegations in paragraph 2 of the Complaint.

3.　　Trustee admits the allegations in paragraph 3 of the Complaint.

### PARTIES

4.　　Trustee admits that the real property located at 5519 Eagle Street, Denver, Colorado 80239 (the "Property") is the center of this matter, but denies the remaining allegations in paragraph 4 of the Complaint.

5.　　Trustee admits the allegations in paragraph 5 of the Complaint.

    6.       Trustee admits the allegations in paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

**A.**     <u>**Debtor's Bankruptcy Filing**</u>

    7.       Trustee admits the allegations in paragraph 7 of the Complaint.

    8.       Trustee admits the allegations in paragraph 8 of the Complaint.

    9.       Trustee admits the allegations in paragraph 9 of the Complaint.

    10.      Trustee admits the allegations in paragraph 10 of the Complaint.

    11.      Trustee admits the allegations in paragraph 11 of the Complaint.

    12.      Trustee admits the allegations in paragraph 12 of the Complaint.

    13.      Trustee admits the allegations in paragraph 13 of the Complaint.

    14.      Trustee admits the allegations in paragraph 14 of the Complaint.

    15.      Trustee admits the allegations in paragraph 15 of the Complaint.

    16.      Trustee admits the allegations in paragraph 16 of the Complaint.

    17.      Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint and therefore denies the same.

    18.      Trustee admits the allegations in paragraph 18 of the Complaint.

    19.      Trustee admits the allegations in paragraph 19 of the Complaint.

    20.      Trustee admits the allegations in paragraph 20 of the Complaint.

**B.**     <u>**Ms. Peraza's Ownership of the Property**</u>

    21.      Trustee admits the allegations in paragraph 21 of the Complaint.

    22.      Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint and therefore denies the same.

    23.      Trustee denies the allegations in paragraph 23 of the Complaint.

24. Trustee admits that the Special Warranty Deed is attached to the Complaint as Exhibit 1 and asserts that the document speaks for itself. Trustee denies all remaining allegations in paragraph 24 of the Complaint.

25. Trustee denies the allegations in paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, Trustee asserts that the document speaks for itself.

27. Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint and therefore denies the same.

28. In response to the first two sentences of paragraph 28 of the Complaint, Trustee asserts that the documents speak for themselves. Trustee lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 28 of the Complaint and therefore denies the same.

29. In response to paragraph 29 of the Complaint, Trustee asserts that the documents speak for themselves.

30. In response to paragraph 30 of the Complaint, Trustee asserts that the documents speak for themselves.

31. In response to paragraph 31 of the Complaint, Trustee asserts that the documents speak for themselves.

32. In response to paragraph 32 of the Complaint, Trustee asserts that the documents speak for themselves.

33. Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint and therefore denies the same.

34. Trustee denies the allegations contained in paragraph 34 of the Complaint.

35. Trustee asserts that paragraph 35 of the Complaint does not require a response. To the extent a response is required, Trustee denies the allegations in paragraph 35 of the Complaint.

36. Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore denies the same.

37. Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint and therefore denies the same.

38. Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint and therefore denies the same.

39. Trustee denies the allegations in paragraph 39 of the Complaint.

40. Trustee denies the allegations in paragraph 40 of the Complaint.

41. Trustee denies the allegations in paragraph 41 of the Complaint.

42. Trustee denies the allegations in paragraph 42 of the Complaint.

43. Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint and therefore denies the same.

44. Trustee admits the allegations in paragraph 44 of the Complaint.

45. Trustee admits the allegations in paragraph 45 of the Complaint.

46. Trustee admits the allegations in the first sentence of paragraph 46 of the Complaint. In response to the second and third sentences of paragraph 46 of the Complaint, Trustee asserts that the document speaks for itself. Trustee asserts that no response is required to the fourth sentence of paragraph 46 of the Complaint. To the extent a response is required, the allegations in the fourth sentence of paragraph 46 of the Complaint are denied.

47. Trustee admits the allegations in paragraph 47 of the Complaint.

48. Trustee admits the allegations in paragraph 48 of the Complaint.

49. Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Complaint and therefore denies the same.

50. Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint and therefore denies the same.

51. Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint and therefore denies the same.

52. Trustee admits the allegations in paragraph 52 of the Complaint.

53. Trustee admits the allegations in paragraph 53 of the Complaint.

54. Trustee denies the allegations in paragraph 54 of the Complaint.

55. Trustee denies the allegations in paragraph 55 of the Complaint.

56. Trustee denies the allegations in paragraph 56 of the Complaint.

57. In response to paragraph 57 of the Complaint, Trustee asserts that no response is required. To the extent a response is required, Trustee denies the allegations in paragraph 57 of the Complaint.

58. Trustee denies the allegations in paragraph 58 of the Complaint.

59. Trustee denies the allegations in paragraph 59 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgement)

60. Trustee incorporates his previous responses.

61. Trustee denies the allegations in paragraph 61 of the Complaint.

62. Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Complaint and therefore denies the same.

63. Trustee lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 63 of the Complaint and therefore denies the same.

64. Trustee denies the allegations in paragraph 64 of the Complaint.

65. Trustee denies the allegations in paragraph 65 of the Complaint.

66. Trustee denies the allegations in paragraph 66 of the Complaint.

67. Trustee denies the allegations contained in paragraph 67 of the Complaint.

68. Trustee denies the allegations in paragraph 68 of the Complaint.

69. Trustee admits the allegations in paragraph 69 of the Complaint.

70. Trustee admits the allegations in paragraph 70 of the Complaint.

71. In response to paragraph 71 of the Complaint, Trustee asserts that no response is required. To the extent a response is required, Trustee denies the allegations in paragraph 71 of the Complaint.

72. Trustee admits the allegations in paragraph 72 of the Complaint.

## AFFIRMATIVE DEFENSES

73. Plaintiff failed to state a claim for which relief may be granted.

74. The requested relief is barred by laches.

75. The requested relief is barred by waiver.

76. The requested relief is barred by estoppel.

77. The requested relief is barred by the doctrine of unclean hands.

WHEREFORE, Trustee requests that this Court (i) enter judgment in favor of Trustee and against Plaintiff on all claims asserted in the Complaint; (ii) award Trustee his costs; and (iii) grant such further relief as may be proper.

## COUNTERCLAIM

Dennis W. King, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Lilian Del Carmen Hernandez ("Debtor"), through his counsel, ONSAGER | FLETCHER | JOHNSON, files his Counterclaim as follows:

## PARTIES

1. On November 15, 2013 (the "Petition Date"), Debtor filed for relief under chapter 7 of title 11 of the United States Code.

2. Trustee is the duly appointed chapter 7 trustee of Debtor's bankruptcy estate.

3. Marina Peraza ("Peraza") is Debtor's mother.

4. Pursuant to Fed. R. Bankr. P. 7008, Trustee consents to entry of final judgment by this Court.

## BACKGROUND

5. Debtor did not schedule an interest in real property on her Schedule A/B of her bankruptcy schedules filed with the Bankruptcy Court.

6. On December 16, 2013, Trustee conducted the meeting of creditors pursuant to 11 U.S.C. § 341.

7. On February 19, 2014, Debtor received her chapter 7 discharge.

8. On September 30, 2014, Trustee filed his Final Account and Distribution Report Certification that the Estate has been Fully Administered and Application to be Discharged [Docket No. 28]. On October 1, 2014, the case was administratively closed.

9. In February 2019, Trustee was informed by Peraza, through her counsel, of a pending lawsuit filed by Debtor against Peraza (the "Ownership Dispute") whereby Debtor

6

asserted ownership and possession claims for certain real property located at 5519 Eagle Street, Denver, Colorado 80239 (the "Property").

10. On March 4, 2019, the United States Trustee (the "UST") filed his Motion to Reopen Under 11 U.S.C. § 350 (the "Reopen Motion") [Docket No. 30]. Pursuant to the Reopen Motion, the UST requested the Court to reopen the case and reappoint the Trustee. On March 5, 2019, the Court granted the Reopen Motion.

11. Pursuant to 11 U.S.C. §554, the Property was not abandoned upon closing of the bankruptcy case.

## FIRST CLAIM FOR RELIEF
### (Pursuant to 11 U.S.C. § 544(a)(3))

12. Trustee incorporates his previous allegations.

13. On the Petition Date, Debtor was the record owner of the Property.

14. Also on the Petition Date, Trustee had the status of a bona fide purchaser of the Property without knowledge of any unrecorded interest, including the interest of Peraza, if any, in the Property.

15. As a result of 11 U.S.C. § 544(a)(3), Ms. Peraza's interest in the Property, if any, is inferior to Trustee's interest in the Property.

## SECOND CLAIM FOR RELIEF
### ((Pursuant to 11 U.S.C. § 544(a)(2))

16. Trustee incorporates his previous allegations.

17. On the Petition Date, Debtor was the record owner of the Property.

18. Also on the Petition Date, Trustee had the status of a judgment creditor with an execution returned unsatisfied.

19. As a result of 11 U.S.C. § 544(a)(2), Ms. Peraza's interest in the Property, if any, is inferior to Trustee's interest in the Property.

WHEREFORE, Trustee requests that this Court enter Judgment, pursuant to 11 U.S.C. § 544(a)(3) and (2), in favor of Trustee and holding that Trustee's interest in the Property is superior to Ms. Peraza's interest in the Property if any, and for such other relief as the Court deems proper.

//

Dated: January 13, 2020.	Respectfully submitted,

**O**NSAGER | **F**LETCHER | **J**OHNSON **LLC**

*s/ Joli A. Lofstedt*
Joli A. Lofstedt, #21946
J. Brian Fletcher, #28629
Gabrielle G. Palmer, #48948
1801 Broadway, Suite 900
Denver, Colorado 80202
Ph: (303) 512-1123
Fax: (303) 512-1129
joli@OFJlaw.com
jbfletcher@OFJlaw.com
gpalmer@OFJlaw.com

*Counsel for Trustee*

8

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 13, 2020, I served a complete copy of the foregoing ANSWER AND COUNTERCLAIMS on the following parties (and any and all parties who have requested electronic notice through the court's CM/ECF system) in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

    Attorney Kelsey Jamie Buechler; via CM/ECF
    Attorney U.S. Trustee; via CM/ECF

                                                  By:    *s/ Misty L. Schlabaugh*
                                                            Misty L. Schlabaugh