**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>LILIAN DEL CARMEN HERNANDEZ,<br><br>Debtor. | Bankruptcy Case No.  13-29105 EEB<br><br>Chapter 7 |
| MARINA PERAZA,<br><br>Plaintiff,<br><br>v.<br><br>TOM CONNOLLY, chapter 7 trustee and LILIAN DEL CARMEN HERNANDEZ,<br><br>Defendants. | Adversary Proceeding No. 19-1367 EEB |

**ORDER AND NOTICE OF TRIAL BY VIDEO CONFERENCE**

NOTICE IS HEREBY GIVEN that a one-day trial on Plaintiff's Complaint will be held before the Honorable Elizabeth E. Brown **on Monday, December 7, 2020, starting at 9:30 a.m.**  Due to the unprecedented recent developments concerning the Coronavirus COVID-19, the trial will be conducted **by Zoom video conference only**.  Counsel and/or parties should not appear in person.

1. **Zoom Video Conferences:**

    a. For security reasons, the Zoom video conference details will not be posted publicly.  The Court will send Zoom invitations via email to counsel, parties and/or witnesses within one day of the trial.  Counsel and/or parties shall not, under any circumstances, share, post, and/or transmit the Zoom video conference link, meeting ID, or password.

    b. It is counsel's and/or the parties' responsibility to ensure that they and their witnesses have the proper equipment to attend the Zoom video conference and that they and their witnesses possess complete copies of all marked exhibits prior to the Zoom video conference.  Participants should ensure that their equipment is connected to strong WIFI signal or internet connection during the trial.

    c. The Court strongly encourages anyone who will be speaking during the trial to use a headset (headphones with mic) and not rely on an internal

       microphone built into a computer or webcam. Using a headset will to ensure that you can be heard by other participants and in the Court's official recording.

d. Parties should check into the Zoom video conference at least 15 minutes prior to the scheduled start time of the trial.

e. Zoom displays a screen name for each participant in a video conference. Typically, Zoom will default to the name you gave at the time you initially set up your Zoom account (e.g. smithj or XYZCorp) or the phone number or device name from which you are calling. To enable the Judge to identify participants, each participant should ensure that their screen name is their full first name and last name (e.g. John Smith). You can change your screen name after being admitted to the video conference by using the rename function in Zoom. To rename, hover your cursor over your picture and either right click or click the blue button in the upper right corner of your picture and select "Rename" and then type your first name and last name into the box that appears. If you fail to identify yourself in this manner by the start of the trial, you will be removed from the video conference.

f. The Court will not provide any type of support on Zoom for participants or attendees. For assistance, please contact the Zoom Help Center, your local IT support, or seek other online guidance

g. The Court's general guidelines regarding Zoom hearings are available at: https://www.cob.uscourts.gov/zoom-video-conferences.

     2.    **List of Participants: On or before 5:00 p.m. on December 1, 2020,** the parties shall email to chambers (CourtroomF@cob.uscourts.gov) a list of the name, phone number and email address of each individual (counsel, parties and witnesses) that will be participating in the trial and the test video conference. **Only those individuals on the list will receive a Zoom invitation to attend the trial and test video conference**. Counsel and/or parties shall not, under any circumstances, share, post, or transmit the Zoom video conference link, meeting ID, or password. The Court's telephone conference line will not be available during the Zoom video conference trial. The only way to attend the trial is to obtain a Zoom invitation as described above.

     3.    **Test Video Conference**: All participants at the trial shall attend a test video conference via Zoom at **10:30 a.m. on Thursday, December 3, 2020,** to ensure equipment is functioning properly. The Court will send Zoom invitations to the video conference test to all participants. The Court strongly encourages all participants to read the Court's guidelines for Zoom video conferences on its website in advance of the video test.

     4.    **Exhibit Format:** Parties may use either electronic or paper exhibits.—OR we may want electronic only

a. For electronic exhibits - Each exhibit shall be saved as a separate PDF document and named as follows, "Exhibit Marker – Exhibit Name" (e.g.,

2

"Exhibit A – Contract"). Multiple exhibits may not be lumped together into one PDF document. Plaintiff/Movant shall use numbers. Defendant/Respondent shall use letters. All exhibits in excess of ten (10) pages, shall be numbered at the bottom of the page.

b. For paper exhibits – Each exhibit shall be placed into a three-ring binder (do not use binders larger than 3 inches in width), with tabs that indicate the appropriate exhibit letter/number. Plaintiff/Movant shall use numbers. Defendant/Respondent shall use letters. Tabs must extend past the side of the paper so that others may easily locate each exhibit. All exhibits in excess of ten (10) pages, shall be numbered at the bottom of the page.

5. **Witness and Exhibit Lists: On or before November 23, 2020,** the parties shall:

a. Exchange with one another FULL SETS of pre-marked exhibits (including rebuttal exhibits). *Do not file the exhibits with the Court except as provided in paragraph 6(a)(i) below.*

b. File with the Court and serve on opposing party(parties) a List of Witnesses and Exhibits, substantially in the form of Local Bankr. Form 9070-1.1.

c. The parties are encouraged to confer and, if possible, prepare a set of stipulated exhibits prior to the trial for use by the Court and all parties.

6. **Objections to Exhibits: On or before November 30, 2020,** the parties shall:

a. File with the Court and serve on opposing party(parties) any written objections to the opposing party's exhibits.

i. If written objections are filed, the objector must attach a copy of the contested exhibit for the Court's review, unless the nature of the objection involves the fact that the party proffering the exhibit has failed to adequately identify and/or exchange it.

ii. If written objections are not filed, then all objections except as to relevancy will be deemed waived.

iii. The parties should be aware, however, that if the party offering the exhibit never refers to the exhibit either during testimony or in closing argument, then in the Court's discretion, it may not review or consider the exhibit, despite its admission into evidence

7. **Court Copies of Exhibits: On or before 5:00 p.m. on December 1, 2020,** each party shall deliver to the Court copies of their exhibits in either electronic or paper form.

a. for electronic exhibits - deliver to the Court two (2) USB "thumb" drives each containing electronic copies of your exhibits and your List of

      Witnesses and Exhibits.  All exhibits shall meet the formatting requirements set forth above.

   b. For paper exhibits - deliver to the Court two sets of your exhibits in three-ring binders.  One copy is for the judge and one is for the law clerk.  The first page of each binder shall include an index in the form of Local Bankr. Form 9070-1.1.  All exhibits shall meet the formatting requirements set forth above.

   c. Exhibits may be delivered to the Court via a delivery service (USPS, FedEx, UPS, etc.), in person, or by courier.  If using in person or courier delivery, notebooks and/or thumb drives (please put thumb drives in a sealed envelope) should be left either in a designated filing drop box, or in the designated exhibit drop box located near the Bankruptcy Court Clerk's Office Intake Counter.

   d. Parties shall refrain from amending exhibits or exhibit lists after they have delivered copies to the Court.

8. **Participant Copies of Exhibits: On or before 5:00 p.m. on December 2, 2020**, to the extent not already provided, counsel/parties shall ensure that each witness they intend to call and each party or its representative has an identical and complete copy of the exhibits to be presented at trial.

9. **Court Appearances:**  If a party does not join the Zoom video conference, it will be deemed a failure to appear.  Failure to connect to the Zoom video conference in a timely manner will preclude participation in the trial.

10. **No Recordings:**  Counsel and/or the parties are strictly prohibited from recording any court proceeding held by video or teleconference, including taking "screen shots" or other visual copies.  Violation of this prohibition may result in sanctions as deemed necessary by the Court.

11. **Retention of Exhibits:**  After the trial, the parties shall retain custody of their own exhibits in accordance with Local Bankruptcy Rule 9070-1(a)(3).

DATED this 21st day of October, 2020.

BY THE COURT:

_Elizabeth E. Brown_
Elizabeth E. Brown, Bankruptcy Judge